# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**MAXIMO HERNANDEZ, JR.,**

        **Plaintiff,**

v.                                                                                 Civ. No. 88-1270 JP/WWD

**F. Whitten Peters,**
**SECRETARY OF THE AIR FORCE, and**
**Colonel Gary D. Dills,**
**ex 377 ABW Wing Commander, and**
**Colonel Polly Peyer**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

On August 30, 2000, Plaintiff filed his Motion to Reopen Case for Enforcement of Settlement Agreement (Doc. 233). That motion will be denied. On September 18, 2000, Plaintiff filed a Motion to Strike Defendants' Motion [sic, should read "Response"] Filed in Violation of Local Rule 7.3(b)4. Because Plaintiff's Motion to Reopen will be denied, it is not necessary to rule on Plaintiff's Motion to Strike.

**I. Background**

Plaintiff filed a Complaint on October 24, 1988, an Amended Complaint on November 7, 1988, and a Second Amended Complaint on December 28, 1988, alleging employment discrimination, violation of civil rights, and violations of the Privacy Act arising out of Plaintiff's employment with the Defendants. On May 1, 1991, this Court dismissed the case with prejudice

in accordance with a Settlement Agreement ["the Agreement"] between the parties.  Plaintiff claims that the Agreement provided that he could represent employees pursuant to applicable regulations; that on April 29, 1999, Colonel Gary D. Dills issued an order that for an indefinite period Plaintiff may not enter Kirtland Air Force Base except as specifically authorized; and that the order restricts Plaintiff's ability to represent employees, thus violating the Agreement.  When Defendants failed to file a response within fourteen days of Plaintiff serving his motion to reopen on Defendants, as required by D.N.M. LR-CIV 7.3(b)4, Plaintiff filed on September 18, 2000 his motion to strike.

## II.  Jurisdiction

When this Court dismissed this case in 1991, the Court retained jurisdiction to enforce the Agreement.  According to *Morris v. City of Hobart*, 39 F.3d 1105 (10th Cir. 1994), "A district court can . . . retain jurisdiction over a settlement agreement if the order of dismissal shows an intent to retain jurisdiction or incorporates the settlement agreement." *Id.* at 1110 (citing *Kokkonen v. Guardian Life Ins. Co. of America,* 114 U.S. 375, 381-82 (1994)).  In this case, this Court did both.  The Court stated in its May 1, 1991 Order of Dismissal that "the Court [retains] jurisdiction herein to reopen this matter upon motion and upon good cause shown by either party to enforce the terms of the Settlement Agreement."  (Order of Dismissal at 2).  In addition, the Court specifically incorporated the Settlement Agreement into its Order.  (Id. at 1).

## III.  Discussion of Motion to Reopen

This Court need not consider at this time the appropriateness of Colonel Dills' order limiting Plaintiff's entry onto Kirtland Air Force Base or the degree to which that order curtails

Plaintiff's representational activities because the Plaintiff fails to establish that the Agreement created a right in Plaintiff to represent employees in the first place. In alleging that the Agreement provides that Plaintiff may represent employees in accordance with applicable regulations, Plaintiff cites no specific part of the Agreement. Plaintiff may have been thinking of the following passage:

> Notwithstanding the foregoing, this agreement does not pertain to or address Plaintiff's representation of others, and is not intended to prohibit or otherwise interfere with Plaintiff's ability to represent other complainants or employees in claims, complaints, grievances, or other issues involving Defendants, it [sic] agents, officers and employees, to the extent such representation is otherwise allowed by law and applicable regulation. (Settlement Agreement ¶ 7).

This paragraph plainly states that the Agreement does *not* address Plaintiff's representation of others; therefore, it did not create any right in Plaintiff to do so. The purpose of the paragraph was not to create a right in Plaintiff to represent others but rather to clearly indicate that the Agreement did not restrict that right. Even if Defendants denied Plaintiff the opportunity to represent employees on the base, and this Court is not now addressing that issue, Defendants would not have violated the Agreement because the Agreement created no such right in Plaintiff.

It is not entirely clear why Plaintiff asks this Court to reopen this case. It appears that his sole interest is in enforcing his alleged right to represent employees on the base. Conceivably, however, he could be asking the Court to relitigate the underlying issues of the case. Part of the ambiguity of Plaintiff's intentions arises from the terminology of the Court's May 1, 1991 Order of Dismissal. The Court retained jurisdiction to "reopen this matter . . . to enforce the terms of the Settlement Agreement," but the Court has authority to enforce the Agreement whether the case is reopened or not. The reopening of a dismissed suit by reason of breach of the agreement is distinct from enforcing the settlement agreement, *see Kokkonen* at 378, and the enforcement of

3

a settlement agreement has its own basis for jurisdiction, namely the court's reservation of that jurisdiction.  *See Id.* at 378-81.  Notwithstanding the fact that Plaintiff does not even mention the issues underlying his original Complaint, I address the possibility that Plaintiff is attempting to relitigate them.

Some courts have held that the breach of a settlement agreement may justify reopening a case under Federal Rule of Civil Procedure 60(b)(6).  *See Kokkonen* at *378.*  In doing so, the courts have not held that a breach of a settlement agreement is automatically grounds for the granting of a motion to reopen under 60(b)(6).  Instead, a breach *might* be grounds.  As indicated by the Ninth Circuit, "In the usual course upon repudiation of a settlement agreement, the frustrated party may sue anew for breach of the agreement and may not, as here, reopen the underlying litigation after dismissal."  *Keeling v. Sheet Metal Workers Int'l Assn.,* 937 F.2d 408, 410.  Consequently, even if I were to hold that Defendants violated the Agreement, I would not necessarily be justified in reopening the case.

In determining whether a breach of a settlement agreement justifies reopening a case under 60(b)(6), the general requirements of that rule apply.  Rule 60(b)6 states, "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . any other order [besides those listed in 60(b)1-5] justifying relief from the operation of the judgment."  Generally, only "extraordinary circumstances justify relief under the rule."  *Keeling* at 410.  Two cases, one from the Fourth Circuit and one from the Third, illustrate the requirements of Rule 60(b)6.

In *Sawka v. Healtheast, Inc.*, 989 F.2d 138 (4th Cir. 1993), the district court dismissed

4

the plaintiff's Rule 60(b)(6) motion, and the Court of Appeals affirmed.  The plaintiff claimed that the defendant had stopped paying disability payments to her prior to the agreed upon period, thus allegedly violating the terms of the settlement agreement.  *See Id.* at 140.  The court concluded, "Assuming arguendo that Healtheast breached the terms of the settlement agreement, that is no reason to set the judgment of dismissal aside, although it may give rise to a cause of action to enforce the agreement."  *Id.*  It explained, "Relief under Rule 60(b)(6) may only be granted under extraordinary circumstances, where without such relief, an extreme and unexpected hardship would occur. . . .  Those circumstances are simply not present here, since Sawka may file a separate action on the settlement agreement itself."

In contrast, the district court in *Keeling* granted the 60(b)(6) motion, and the Court of Appeals affirmed.  The Plaintiff in that case had entered into a settlement agreement in which he agreed to comply with a collective bargaining agreement, provided that the bankruptcy court--the plaintiff had filed for bankruptcy--approved.  *Keeling* at 410.   The record apparently showed that the plaintiff had expended little if any effort to obtain that approval. *Id.*  The district court held that "[the plaintiff's] actions before the bankruptcy court, along with the history of the [plaintiff's] consistent noncompliance, had completely frustrated the purpose of the settlement agreement."  *Id.*   Noting that "repudiation of a settlement agreement that terminated prior litigation pending before a court constitutes an extraordinary circumstance," *Id.,* the Court of Appeals affirmed the lower court's granting of the motion to reopen under Rule 60(b)(6).  The key difference between *Sawka* and *Keeling* was that in *Sawka* one party simply may have failed to fulfill the terms of the settlement agreement, while in *Keeling* the

party repudiated the agreement.

Assuming that the Settlement Agreement in the present case created a right in Plaintiff to represent employees and assuming further that the Defendants violated that right, I find that the Plaintiff has still failed to establish that the Defendants repudiated the Agreement. Because a new action to enforce the Agreement would likely be sufficient to accomplish justice, reopening the case would be unnecessary and therefore inappropriate.

**IV. Discussion of Other Complaints Raised in Motion to Reopen**

Plaintiff does not confine himself to allegations that Defendants violated the Settlement Agreement. He also alleges that Colonel Dill's order was discriminatory and in violation of his First Amendment rights under the U.S. Constitution and also that the order deprives Kirtland Air Force Base employees from representation by Plaintiff under EEOC and other Federal Regulations.

If Plaintiff wishes to pursue his allegations of violation of his Constitutional rights, he may file a new complaint, but pursuing them as part of this dismissed case is inappropriate. The fact that Defendants may be violating Plaintiff's Constitutional rights now does not suggest that the earlier dismissal was inappropriate or that Defendants violated rights created by the Settlement Agreement.

In addition, Plaintiff does not have standing to assert that the rights of Kirtland Air Force Base employees were violated when they were denied representation by Plaintiff. Those employees may, in their own names, pursue claims of that nature, but Plaintiff may not pursue their complaints for them in Plaintiff's name.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Reopen Case for Enforcement of Settlement Agreement is DENIED.

_____
**UNITED STATES DISTRICT JUDGE**